```
              UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                     WESTERN DIVISION
```

IN RE:

DONETTE MARIE THOMPSON                              Chapter 13
and MARVIN L. THOMPSON

  Debtors.                             Bankruptcy No. 08-01742S

            ORDER DENYING MOTION FOR TEMPORARY WAIVER
                      AND DISMISSING CASE

On August 19, 2008, debtors filed a <u>pro se</u> joint voluntary Chapter 13 petition.  Debtors also filed Exhibit D to the petition, "Individual Debtor's Statement of Compliance with Credit Counseling Requirement."  Exhibit D implements the Bankruptcy Code requirement that debtors receive a briefing from a credit counseling agency "during the 180-day period <u>preceding</u> the date of filing of the petition."  11 U.S.C. § 109(h)(1) (emphasis added).  Debtors each checked the box in front of paragraph three of Exhibit D and by doing so made the following statement under penalty of perjury:

> I certify that I requested credit counseling services
> from an approved agency but was unable to obtain the
> services during the five days from the time I made my
> request, and the following exigent circumstances merit
> a temporary waiver of the credit counseling requirement
> so I can file my bankruptcy case now.

Doc. 1, Exhibit D.  Debtors did not summarize the exigent circumstances or file a motion for the court's determination as directed by the form.

On September 5, the court provided debtors with an

additional ten days to file a motion for temporary waiver of the pre-petition credit counseling requirement.  The court directed debtors to describe the exigent circumstances that merited granting the motion.  Debtors did not comply with this order but instead, filed certificates of completion of credit counseling.  Each debtor certified that he or she had received credit counseling services on September 7.

On September 17, the court issued an order stating that debtors' filing of post-petition credit counseling certificates did not meet the requirements of § 109(h).  The court again provided debtors additional time to file a motion requesting a temporary waiver of the credit counseling requirement and to describe the specific reasons for which the motion should be granted.  On September 22, 2008, debtors filed their motion, which stated in its entirety:

> This is a motion for a waiver of the pre-petition credit counseling requirement.  At the time we filed our bankruptcy petition we did not know we needed to go through credit counseling.  When we found out we needed to take the credit counseling course we contacted Money Management International, Inc.  They scheduled our counseling for September 7th 2008 at which time we did the course and filed the certificates on September 8th 2008.

Doc. 31.  The matter presented by debtors' motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (b)(2)(O).  <u>Hedquist v. Fokkena (In re Hedquist)</u>, 342 B.R. 295, 298-99 & n.8 (B.A.P. 8th Cir. 2006).

2

## Discussion

The credit counseling requirement is a requirement of eligibility to file a bankruptcy case.  An individual "may not be a debtor" unless the individual has received a briefing from a credit counseling agency within the 180 days prior to the date of filing the petition.  11 U.S.C. § 109(h)(1).  "It is the clear expectation of the statute that all individual debtors receive such a briefing *prior* to filing."  <u>Dixon v. LaBarge (In re Dixon)</u>, 338 B.R. 383, 386 (B.A.P. 8th Cir. 2006).

A debtor who meets the requirements of § 109(h)(3) may receive a temporary waiver of the credit counseling requirement, which permits filing the bankruptcy petition without first receiving counseling services.  That subsection provides:

> (3)(A) Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that--
> (i) <u>describes exigent circumstances that merit a waiver of the requirements</u> of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.
>
> (B) With respect to a debtor, an exemption under subparagraph (A) shall cease to apply to that debtor on the date on which the debtor meets the requirements of paragraph (1), but in no case may the exemption apply to that debtor after the date that is 30 days after the debtor files a petition, except that the court, for cause, may order an additional 15 days.

11 U.S.C. § 109(h)(3) (emphasis added).  In Exhibit D to their petition, Debtors certified that they requested credit counseling services and were unable to obtain them within five days of their request.  To obtain a temporary waiver under § 109(h)(3), debtors must show (1) that there were "exigent circumstances" prior to filing and (2) that the circumstances merit a waiver of the requirement.  In re Dixon, 338 B.R. at 388.  In this context, a debtor is in exigent circumstances when "adverse events are imminent" and will occur before debtor is able to obtain credit counseling.  Id.

In this case, debtors have not identified any events that may be described as exigent circumstances.  They explain only that, "[a]t the time we filed our bankruptcy petition we did not know we needed to go through credit counseling."  This assertion is not correct.  Prior to filing their petition, debtors prepared Exhibit D, captioned "Individual Debtor's Statement of Compliance with Credit Counseling Requirement."  The first paragraph of Exhibit D begins: "**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below.  If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file.**"  Each debtor was required to complete and file Exhibit D.  The form required each debtor to select a statement regarding his or her compliance with the credit counseling requirement.  Debtors

4

selected the third statement, which included a detailed explanation of further action required by debtors to meet their credit counseling requirement and the consequences of failing to do so.

Before debtors filed their petition, they were aware that credit counseling was a requirement of commencing a bankruptcy case. They chose to file their petition prior to obtaining such counseling. They have not identified any exigency that would merit waiver of the pre-petition counseling requirement. If the court determines that circumstances do not merit a waiver of the credit counseling requirements, dismissal of the case is appropriate. In re Dixon, 338 B.R. at 389.

IT IS ORDERED that debtors' motion is denied and the case is dismissed.

DATED AND ENTERED  September 30, 2008

William L. Edmonds, Bankruptcy Judge